Randolph White
David Wolnerman
WHITE & WOLNERMAN, PLLC
950 Third Avenue, 11th Floor
New York, New York 10022
(212) 308-0667

Counsel for the Debtor and
Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
| | |
|---|---|
| In re: | Chapter 11 |
| BPB DRUGS, INC. d/b/a GALLERY DRUG., | Case No. 22-11656 (PB) |
| Debtor. | |

-----------------------------------------------------------------X

**DEBTOR'S APPLICATION FOR ENTRY OF ORDER
AUTHORIZING EMPLOYMENT AND RETENTION OF
TRACHTENBERG & PAUKER, LLP AS ACCOUNTANTS FOR THE
DEBTOR *NUNC PRO TUNC* AS OF THE COMME NCEMENT DATE**

TO THE HONORABLE PHILIP BENTLEY:
UNITED STATES BANKRUPTCY JUDGE:

BPB Drugs, Inc., d/b/a Gallery Drug, the debtor and debtor in possession in the above-captioned Chapter 11, Subchapter V case (the "Debtor" or the "Company"), by its undersigned counsel, respectfully represents as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider and determine this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are under Sections 327(a), 328 and 1184 of Title 11 of the United States Code

(the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

2. On December 9, 2022 (the "Commencement Date" or the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code.

3. The Debtor is operating its business as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code. No trustee (other than the Chapter V Trustee), examiner or official committee of unsecured creditors has been appointed.

4. Additional facts concerning the background of the Debtor are contained in the Declaration Pursuant to Local Bankruptcy Rule 1007-4 of Neil Subes dated December 8, 2022, which is incorporated herein by reference.

### Relief Requested

5. By this application (the "Application"), the Debtor requests that this Court enter an order, pursuant to Section 327(a) of the Bankruptcy Code, authorizing the retention and employment of Trachtenberg & Pauker, LLP ("TP"), as accountants for the Debtor, *nunc pro tunc*, as of the Commencement Date. In support of this Application, the Debtor refers to and relies upon the Declaration of Martin Pauker, CPA in Support of the Application (the "Pauker Declaration") dated December 29, 2022.

6. The Debtor seeks to retain TP as its accountants because of the firm's general expertise and knowledge in the field of tax, accounting and financial advisory services. Furthermore, TP has become intimately familiar with the Debtor's business and operations, having served as the Debtor's accountants and tax preparers for over two decades. Thus, the Debtor

desires that TP continue to provide services to it in connection with this case. The Debtor believes that TP's employment is in the best interest of the Debtor, its estate and its creditors.

### **Scope of Employment**

7.      The professional services that TP expects to render to the Debtor include but shall not be limited to the following:

   a. Assisting the Debtor's management in its preparation of monthly operating reports, financial statements and related financial statements supporting the Debtor's schedules;

   b. Preparing and tax-related filings required by the Debtor;

   c. Providing on-going accounting advice as requested by Debtor's management; and

   d. performing all other accounting services for, and providing all other necessary advice to, the Debtor which may be necessary and proper in the case.

8.      Subject to this Court's approval of this Application, TP has indicated that it is willing to serve as Debtor's accountant in this case to perform the services described above.

### **TP's Disinterestedness**

9.      As set forth in greater detail in the Pauker Declaration, TP has completed a conflicts check that compares: (a) the Debtor; (b) the current directors and officers of the Debtor; (c) the unsecured creditors of the Debtor as provided by the Debtor on the Petition Date; (d) the Debtor's secured creditors; (e) the Debtor's professionals; and (f) to the extent known, the names of certain significant parties-in-interest in the case, against TP's current and former engagements, clients and adverse parties (collectively, the "Potentially Interested Parties").

10.     Based upon the foregoing, the Debtor believes that TP is a "disinterred person" as that term is defined by the Bankruptcy Code. TP represents no interest materially adverse to the Debtor, its estate or its creditors. Except as stated herein, TP has no connection with the Debtor's

creditors, any other party in interest, their respective attorneys and accountants as it relates to the Debtor's case, the United States Trustee, or any person employed in the Office of the United States Trustee, and will not, at any time, represent any other entity in connection with this case.

## **Professional Compensation**

11. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. 11 U.S.C. § 328(a). The costs of the accounting services that the Debtor will require TP to render cannot be estimated. Subject to this Court's approval and in accordance with Sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the rules of this Court, and other procedures that may be fixed by this Court, the Debtor requests that TP be compensated on an hourly basis, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, plus reimbursement of the actual and necessary expenses TP incurs, including but not limited to, photocopies, word processing, facsimiles, courier service, computer assisted research, docket and court filing fees, telecommunications, travel, court reporting charges, and any other incidental costs advanced by the firm specifically for these matters, at the rates commonly charged for such costs to other TP clients. In addition, TP has advised the Debtor that it intends to seek compensation for all time and expenses associated with its retention as section 327(a) professional, including the preparation of this Application, the Pauker Declaration, and related documents, as well as any monthly fee statements or interim or final fee applications.

12. TP has advised the Debtor that the current hourly rates applicable to TP professionals in connection with this case are as follows:

| | |
|---|---|
| Martin Pauker | $410.00 per hour |
| Michael Cowles | $375.00 per hour |

        Lara Levine                $175.00 per hour

The Debtor understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

13.    The Debtor engaged TP on or about November 22, 2022, to assist it with its restructuring and, in connection therewith, the Debtor executed an engagement letter which memorialized the terms of such representation (the "Engagement Letter"). A copy of the Engagement Letter is attached to the Pauker Declaration as Exhibit A and is incorporated herein by reference.

14.    Other than as set forth below, TP did not receive any payments from the Debtor. Within ninety (90) days of the Commencement Date, TP received the following advanced fee retainer payments by or on behalf of the Debtor

| Purpose  | Amount Received | Payment Date |
|----------|-----------------|--------------|
| Retainer | $4,000.00       | 10/24/22     |
| Retainer | $4,000.00       | 10/31/22     |

15.    TP received advanced payments in the aggregate amount of $8,000.00 (the "Advance Payment Retainer") for actual and estimated professional fees and disbursements incurred for the period prior to the Petition Date and thereafter to the extent any monies remain.

16.    As is discussed in the Pauker Declaration, any amounts due for prepetition unbilled fees and disbursements have been or will be paid from the Advance Payment Retainer. The balance of the Advance Payment Retainer, if any, will be held by TP as security for postpetition services and expenses until the end of the case or such other time as the parties have agreed or this Court has ordered.

17. Other than as set forth herein, there is no proposed arrangement to compensate TP.

### Request for Approval of Retention of
### TP *Nunc Pro Tunc* to Commencement Date

18. The Debtor requests that TP's retention be made effective, *nunc pro tunc*, as of the Commencement Date in order to allow TP to be compensated for the work it has performed for the Debtor since the Petition Date, but prior to the Court's consideration of this Application. The Debtor submits that under the circumstances, retroactive approval is warranted.

### Waiver of Memorandum of Law

19. This application includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Debtor respectfully requests that the Court waive the requirement contained in Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

20. No trustee (other than the Chapter V Trustee), examiner or creditors' committee has been appointed in the Debtor's Chapter 11 Subchapter V case. Notice of this Motion has been provided to the (i) Office of the United States Trustee for the Southern District of New York, (ii) the Debtor's secured creditors and (iii) holders of the twenty (20) largest unsecured claims against the Debtor's estate. In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

**WHEREFORE** the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting the Debtor such other and further relief as it deems just and proper.

Dated: New York, New York
January 31, 2023

**WHITE & WOLNERMAN, PLLC**

By: /s/ David Y. Wolnerman
Randolph E. White
David Y. Wolnerman
950 Third Ave., 11th Floor
New York, New York 10022
Phone: (212) 308-0667

*Proposed Attorneys for Debtor and Debtor-in-Possession*