UNITED STATES BANKRUPTCY COURT

SOUTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| BPB DRUGS, INC. d/b/a GALLERY DRUG., | Case No. 22-11656 (PB) |
| Debtor. | |

-------------------------------------------------------------X

**DEBTOR'S MOTION FOR ORDER PURSUANT TO SECTION 1189 (b) OF THE BANKRUPTCY CODE EXTENDING THE DEBTOR'S PERIOD TO FILE A LIQUIDATING PLAN**

BPB DRUGS, INC. d/b/a GALLERY DRUG., the debtor and debtor in possession in the above-captioned Chapter 11, Subchapter V case (the "Debtor" or the "Company"), commenced a case under Chapter 11, Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code") on December 9, 2022 (the "Commencement Date" or the "Petition Date"), hereby submits this motion for order pursuant to section 1189 (b) of the Bankruptcy Code extending the Debtor's period to file a liquidating plan (the "Motion"). In support thereof, the Debtor respectfully represents:

**BACKGROUND**

1.   The Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code in order to facilitate a sale of the Debtor's assets, free and clear of liens, maximizing any possible recovery on behalf of creditors, after the attempt to negotiate a consensual UCC Article 9 sale, pre-petition, failed.  The pre-petition buyer of Debtor assets, consisting of prescriptions, related good will and saleable inventory, Corby Pharma, LLC agreed

to purchase the assets pursuant to an Asset Purchase Agreement dated as of October 21, 2022 [Doc. No. 10-2] and act as the stalking horse bidder.

2.      Following the Commencement Date, a bidding procedures motion was filed on December 21, 2022, and a hearing was held on January 26, 2023.  The bid procedures were approved by order dated February 6, 2023 [Doc. No. 31] and dates were fixed for the Auction and to consider whether to approve the sale.

3.      The Auction for the sale of Debtor's assets took place on February 16, 2023 ("Auction Date"). At the Auction Corby was the sole bidder and its offer was accepted.  The motion to approve the sale was heard on February 28, 2023, on which date the Court heard argument, took testimony and approved the sale by Order dated March 3, 2023 [Doc. No. 37]. Under its terms the sale is to close within 5 business days of the order becoming final.

4.      In this context, the next stage of the case is to file a liquidating plan. To that end, there are pending negotiations with the Debtors' principals as well as third parties concerning a funding mechanism for such a plan.  Those discussions are ongoing and will determine whether a plan is filed or instead whether the case should be converted or dismissed.

5.      The goal in liquidating plan is to provide benefits to the creditors that would not exist in a chapter 7 liquidation and avoid the additional expenses that would arise were the case converted or dismissed. However, the Debtor has had insufficient time to develop this plan including the funding sources necessary to realize the same.

## JURISDICTION

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

7. The Debtor requests an extension of the filing period pursuant to section 1189(b) from March 9, 2023 to June 7, 2023 pursuant to section 1189(b) of the Bankruptcy Code, without prejudice to the Debtor's right to seek additional extension of such period.

8. Although the Debtor has taken significant steps toward developing a liquidating plan, it is premature to propose a plan of liquidation without completing the sale and concluding the negotiations. The Debtor has been and will continue to pursue these goals as expeditiously as possible.

## BASIS FOR RELIEF REQUESTED

9. Section 1189(b) of the Bankruptcy Code provides for an initial period of 90 days after the commencement of a chapter 11 case during which a debtor has the right to file a chapter 11 plan. BPB's initial filing period is currently set to expire on March 9, 2023. Pursuant to section 1189(b) of the Bankruptcy Code, the Court may extend the period for cause. *See* 11 U.S.C. § 1189(b) ("[T]he court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable.")

10. Congress established and incorporated the period into the Bankruptcy Code to afford debtors a full and fair opportunity to propose a chapter 11 plan and to enable solicitation of acceptances of the plan without dissolution that could be caused by the filing of chapter 7 petition. Granting the Debtor an extension of the period would give the Debtor a greater opportunity to propose and negotiate a plan of liquidation and fulfill the purpose of the case.

11. The Court is permitted to extend that period if the need for more time "is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. §1189(b). The burden of proof rests with the debtor to establish a basis for the

extension. *In re Online King LLC, 629 B.R. 340, 349 (Bankr. E.D.N.Y. 2021)*. The goals of Subchapter V to move a case forward expeditiously, to keep expenses down for the debtor, and to provide the debtor with an accelerated path to reorganize (or in this case liquidate). *Id. at 349–350*.

12. In *In re Baker, 625 B.R. 27, 35 (Bankr. S.D. Tex. 2020)*, the court granted a Subchapter V debtor a second extension of time to file a plan and determined consideration of the circumstances:

> Courts interpreting the language used in §§1189 and 1221 have held that "the bankruptcy court may grant an extension only if the debtor's inability to file a timely plan is due to circumstances beyond the debtor's control." This Court also looks to the dictionary definitions of "justly" and "accountable" to assess the plain meaning of § 1189. "Justly" is defined as "[a]ccording to what is morally right or fair; fairly". "Accountable" is defined as "required or expected to justify actions or decisions; responsible". Thus, in determining whether to grant the extension, this Court considers whether the need for an extension is attributable to circumstances for which Debtor is not fairly responsible or, to borrow from COLLIER, whether Debtor can "clearly demonstrate that the inability to file a plan of reorganization was due to circumstances beyond [his] control."

13. In *In re HBL SNF, LLC 635 B.R. 725, 4 (Bankr. S.D.N.Y 2022)*, the Subchapter V debtor was granted an extension as the central issue of the lease case was unresolved:

> All parties agree that the status of the Debtor's lease with the Landlord is a threshold issue that must be resolved before any reorganization can occur … it is hard to see how the Debtor could be blamed for unduly delaying adjudication of the lease issue. *Like In re Baker*, it does not appear practical, fair, or wise to require the Debtor to file a plan when the central issue of the lease remains unresolved. In sum, the facts justifying the extension are ones for which the Debtor should not be justly held accountable and are not the type of "generalized excuses" rejected by other courts as insufficient under Section 1189 ….[i]n reaching its decision, the Court notes that an extension here does not unduly prejudice any party...

14. Here, the initial 90-day period provided in the Bankruptcy Code is insufficient to file the liquidating plan for the Chapter 11 case. The extension is not being sought to unduly delay the proceedings, but rather to close the sale that has been approved by this Court and

conclude negotiations aimed at funding the liquidation of the debtor under a Subchapter V liquidating plan.  Debtor submits that such an outcome is in the best interest of the creditors.

## NOTICE

15. Notice of this Motion is being provided by the filing of the same, and to (i) the Office of the United States Trustee; (ii) counsel to the Subchapter V Trustee appointed in this case; (iii) creditors holding claims secured by the Debtor's property; and (iv) all parties that have filed notices of appearance in this case.

16. No prior motion for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

For the reasons set forth herein, the Debtor respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, extending the Debtor's period for filing the liquidation plan from March 9, 2023, to June 7, 2023, and granting the Debtor such other and further relief as is just and proper.

Dated: New York, New York
March 8, 2023

WHITE & WOLNERMAN, PLLC

By: /s/Randolph White
Randolph E. White, Esq.
David Y. Wolnerman, Esq.
950 Third Ave., 11th Floor
New York, New York 10022
Phone: (212) 308-0603

*Attorneys for the Debtor and Debtor-in-Possession*